UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

CALVIN B. MCHENRY,

    Petitioner,

v.                                               Case No. 5:14cv332-RH-CJK

NICOLE ENGLISH, Warden,
FCI Marianna,

    Respondent.
_____/

## REPORT AND RECOMMENDATION

Before the court is Calvin McHenry's petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241.  (Doc. 1).  The government responded in opposition to the petition (doc. 8) and petitioner filed a reply (doc. 11).  The parties also submitted supplemental briefs at the court's request.  (Docs. 15, 18).  The matter is referred to the undersigned Magistrate Judge for a report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B).  After reviewing the petition, the undersigned concludes it should be dismissed for lack of jurisdiction.[1]

---

[1] According to the Bureau of Prisons' website, McHenry was released from custody on September 6, 2017.  *See* Federal Bureau of Prisons, Inmate Locator, https://www.bop.gov/inmateloc/ (last visited Mar. 1, 2018).  McHenry's release does not render his petition moot because he is still serving a term of supervised release.  *See Mitchell v. Middlebrooks*, 287 F. App'x 772, 775 (11th Cir. 2008) (holding a § 2241 petition was not moot "because it is possible [the petitioner] could receive a reduced or modified term of supervised release from the sentencing court if he succeeds in this habeas proceeding").

## BACKGROUND AND PROCEDURAL HISTORY

On February 13, 2001, a grand jury in the U.S. District Court for the Southern District of Georgia indicted petitioner for possession of a firearm by a convicted felon, a violation of 18 U.S.C. § 922(g)(1). (Doc. 8-1, p. 10-11). Because petitioner had 3 prior felony convictions, the government sought an enhanced sentence under the Armed Career Criminal Act ("ACCA"). (*Id.*); *see* 18 U.S.C. § 924(e) (stating a person found guilty of violating § 922(g) who has 3 previous convictions "for a violent felony or a serious drug offense, or both, committed on occasions different from one another" is subject to a mandatory 15-year prison sentence).

On April 6, 2001, petitioner pleaded guilty to the sole count of the indictment, admitting he possessed a firearm and had 3 prior violent felony convictions. (Doc. 8-1, p. 14, 16-27, 57). He was sentenced on June 18, 2001, to 220 months' imprisonment and 5 years of supervised release. (Doc. 8-1, p. 29, 50, 58-59).

Petitioner appealed his sentence to the U.S. Court of Appeals for the Eleventh Circuit, arguing: "(1) that the district court improperly relied upon hearsay evidence in enhancing his sentence as an armed career criminal under 18 U.S.S.G. § 4B1.4, and (2) that the district court failed to make specific findings as to the reliability of the hearsay evidence." (Doc. 8-2, p. 3-4). The Eleventh Circuit affirmed on November 30, 2001, finding "no plain error in the district court's factual findings with regard to the enhancement of McHenry's sentence." (Doc. 8-2, p. 3-8).

On December 16, 2002, petitioner filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. (Doc. 8-2, p. 11-36). In the motion, he claimed: (1) his sentence was improperly enhanced under § 4B1.4 of the federal sentencing guidelines because "the trial court never found beyond the preponderance of evidence that the gun was used or possessed in connection with another felony offense"; and (2) counsel was ineffective for failing to raise the issue at sentencing or on direct appeal. (Doc. 8-2, p. 19-20). The motion was denied on February 3, 2003. (Doc. 8-2, p. 38-41).

On December 2, 2014, petitioner filed this petition for writ of habeas corpus under 28 U.S.C. § 2241, claiming he should not be subject to the 15-year mandatory prison sentence prescribed in 18 U.S.C. § 924(e) because his prior felony convictions did not qualify as violent felonies. (Doc. 1). He argued the sentencing court failed to examine the statutory elements of his 3 felony convictions under Georgia law to determine whether the convictions qualified as violent felonies under § 924(e). (*Id.*, p. 5-7). Relatedly, petitioner asserted the sentencing court erred by relying on police incident reports—as reflected in the presentence investigation report—to determine the convictions were violent felonies. (*Id.*, p. 4, 6-7). Based upon the claim he was incorrectly sentenced under the ACCA, he requested that the sentence be vacated. (*Id.*, p. 9, 12). Petitioner contended he could pursue such relief through a § 2241 petition because he satisfied 28 U.S.C. § 2255's "saving clause." *See* 28 U.S.C. §

2255(e) ("An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to [§ 2255], shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.").

The government responded in opposition to the petition. (Doc. 8). The government argued petitioner could not proceed under the saving clause because, under the test set forth in *Bryant v. Warden, FCC Coleman-Medium*, 738 F.3d 1253 (11th Cir 2013), he failed to show: (1) his arguments were squarely foreclosed by Eleventh Circuit precedent during his sentencing, direct appeal, or first § 2255 proceeding; and (2) that a retroactive decision of the Supreme Court overturned that precedent. (*Id.*, p. 4-5).

The government further argued that each of petitioner's prior felony convictions qualified as violent felonies under 18 U.S.C. § 924(e). (*Id.*, p. 5-11). The government asserted: (1) petitioner's 1989 burglary conviction qualified as a violent felony because it constituted a "generic" burglary under the ACCA (*id.*, p. 7-9); (2) petitioner's 1990 aggravated assault conviction qualified as a violent felony because it "has as an element the use, attempted use, or threatened use of physical force against the person of another" (*id.*, p. 9-11); and (3) petitioner's 1986 robbery

conviction qualified as a violent felony under the ACCA's residual clause (*id.*, p. 6-7). The residual clause provided that a felony qualified as a violent felony under the ACCA if it "involve[d] conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(ii).

After the government filed its response to the petition, the Supreme Court decided *Johnson v. United States*, — U.S. —, 135 S. Ct. 2551, 192 L. Ed. 2d 569 (2015). In *Johnson*, the defendant argued his conviction under Minnesota law for unlawful possession of a short-barreled shotgun did not qualify as a violent felony under the residual clause. *Id.* at 2556. In addition, the Court considered whether the residual clause violated "the Constitution's prohibition of vague criminal laws." *Id.*

The Court held "that imposing an increased sentence under the residual clause of the Armed Career Criminal Act violates the Constitution's guarantee of due process" because "the indeterminacy of the wide-ranging inquiry required by the residual clause both denies fair notice to defendants and invites arbitrary enforcement by judges." *Id.* at 2557, 2563. The Court noted "[t]wo features of the residual clause conspire to make it unconstitutionally vague." *Id.* at 2557. First, "the residual clause leaves grave uncertainty about how to estimate the risk posed by a crime" because "it ties the judicial assessment of risk to a judicially imagined 'ordinary case' of a crime, not to real-world facts or statutory elements." *Id.* The Court described the inherent difficulty in evaluating the behavior and effects the

"idealized ordinary case of [a] crime" involves and found "[t]he residual clause offers no reliable way to choose between competing" judicial assessments of the "ordinary case." *Id.* at 2557-58. Second, "the residual clause leaves uncertainty about how much risk it takes for a crime to qualify as a violent felony." *Id.* at 2558. The Court concluded: "By combining indeterminacy about how to measure the risk posed by a crime with indeterminacy about how much risk it takes for the crime to qualify as a violent felony, the residual clause produces more unpredictability and arbitrariness than the Due Process Clause tolerates." *Id.* The Court noted its "repeated attempts and repeated failures to craft a principled and objective standard out of the residual clause confirm its hopeless indeterminacy." *Id.*

In light of the Supreme Court's decision in *Johnson*—and the government's assertion that one of McHenry's convictions qualified as a violent felony under the ACCA's residual clause—the court directed the parties to file briefs addressing *Johnson's* effect on petitioner's § 2241 petition for writ of habeas corpus. (Doc. 13). Petitioner argued *Johnson* is a retroactive decision that entitled him to relief under the saving clause. (Doc. 15). In response, the government contended *Johnson* did not affect the disposition of this § 2241 petition because petitioner remained "unable to demonstrate that the typical post-conviction remedy provided by 28 U.S.C. § 2255 [was] 'inadequate or ineffective[.]'" (Doc. 18, p. 1). Specifically, the government argued that claims based on new constitutional rules—like the one announced in

*Johnson*—could be raised in an application to file a second or successive § 2255 motion. (*Id.*, p. 2-4); *see* 28 U.S.C. § 2255(h)(2) (providing that a "[a] second or successive motion must be certified . . . by a panel of the appropriate court of appeals to contain . . . a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable"). The government suggested relief under the saving clause is reserved, for example, for claims based on a new retroactive construction of the terms of a statute or treaty. (*Id.*).

Because *Johnson* was decided on direct review, its effect on collateral attacks of ACCA sentences was initially unclear. In *In re Rivero*, 797 F.3d 986 (11th Cir. 2015), the Eleventh Circuit addressed the effect of *Johnson* on a second or successive motion to vacate filed under 28 U.S.C. § 2255. The petitioner in *Rivero* asserted "he was sentenced as a career offender under mandatory Sentencing Guidelines because his prior conviction for attempted burglary was a 'crime of violence' under the residual clause of section 4B1.2(a)(2) of the Sentencing Guidelines." *Id.* at 988-89. Although the Eleventh Circuit determined "*Johnson* announced a new substantive rule of constitutional law," the court concluded the Supreme Court had not expressly held *Johnson* to be retroactive and "[n]o combination of holdings of the Supreme Court 'necessarily dictate' that *Johnson* should be applied retroactively on collateral review." *Id.* at 989. The court,

therefore, denied Rivero's application for leave to file a second or successive motion to vacate, set aside, or correct his sentence. *Id.* at 992.

Later, the Eleventh Circuit held the analysis in *Rivero* applied to an application to file a second or successive motion challenging a sentence under the ACCA. *See In re Franks*, 815 F.3d 1281 (11th Cir. 2016) ("[N]othing in *Rivero's* analysis suggested that its reasoning–or the conclusion derived from that reasoning–depended on the fact that Rivero's particular sentence was calculated based on the Sentencing Guidelines, as opposed to the ACCA."). The Supreme Court, however, subsequently held *Johnson* announced a new substantive rule that applied retroactively to cases on collateral review. *See Welch v. United States*, — U.S. —, 136 S. Ct. 1257, 194 L. Ed. 2d 387 (2016).

## DISCUSSION

Here, McHenry seeks to challenge the validity of his ACCA-enhanced sentence through a petition for writ of habeas corpus. Because the Southern District of Georgia previously denied a § 2255 motion filed by petitioner, he may not pursue relief through a § 2241 petition unless he demonstrates that a § 2255 motion "is inadequate or ineffective to test the legality of his detention."

Generally, the sole issue in a § 2241 action is the execution or carrying out of an initially valid confinement, as attacks on the validity of a conviction or sentence must be asserted on direct review or in a motion filed under 28 U.S.C. § 2255. *See*

*United States v. Hayman*, 342 U.S. 205 (1952); *McCarthan v. Dir. of Goodwill Indus.-Suncoast, Inc.*, 851 F.3d 1076, 1081 (11th Cir. 2017) ("Since 1948, Congress has required that a federal prisoner file a motion to vacate, 28 U.S.C. § 2255, instead of a petition for a writ of habeas corpus, *id*. § 2241, to collaterally attack the legality of his sentence."); *Broussard v. Lippman*, 643 F.2d 1131 (5th Cir. Unit A Apr. 27, 1981) ("Attacks on the underlying validity of a conviction must be brought under 28 U.S.C. § 2255, not 28 U.S.C. § 2241(c)."); *see also* 28 U.S.C. § 2255(a).

Section 2255(e) bars a § 2241 petition if the prisoner failed to seek, or was already denied relief on, a § 2255 motion, "unless it also appears that the remedy by [§ 2255] motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e); *see also Antonelli v. Warden, U.S.P. Atlanta*, 542 F.3d 1348, 1352 n.1 (11th Cir. 2008) ("[A] § 2255 motion is the exclusive remedy for a federal prisoner to collaterally attack his conviction and sentence, except in the rare cases where it is inadequate to do so."). "The applicability of the savings clause is a threshold jurisdictional issue . . . ." *Williams v. Warden, Fed. Bureau of Prisons*, 713 F.3d 1332, 1337 (11th Cir. 2013); *see also Bryant*, 738 F.3d at 1262-63 ("Section 2255(e)'s language—'shall not be entertained'—speaks 'in imperative terms regarding a district court's power to entertain a [§ 2241] claim,' and 'in enacting § 2255(e), Congress clearly restricted the subject-matter jurisdiction of the federal courts' over § 2241 petitions.") (alteration in original) (*citing Williams*, 713

F.3d at 1340). "The burden of demonstrating the inadequacy or ineffectiveness of the § 2255 remedy rests squarely on the petitioner." *Turner v. Warden Coleman FCI (Medium)*, 709 F.3d 1328, 1333 (11th Cir. 2013) (*citing McGhee v. Hanberry*, 604 F.2d 9, 10 (5th Cir. 1979)).

In *McCarthan*, the Eleventh Circuit, overruling prior circuit precedent, established a new test for determining when a prisoner can proceed under § 2241. 851 F.3d at 1082. The court held: "A motion to vacate is inadequate or ineffective to test the legality of a prisoner's detention only when it cannot remedy a particular kind of claim." *Id.* at 1099; *see also id*. at 1089 ("When a prisoner's motion attacks his sentence based on a cognizable claim that can be brought in the correct venue, the remedy by motion is adequate and effective to test his claim."). The Eleventh Circuit recently summarized the new *McCarthan* test as follows:

> [W]e determined [in *McCarthan*] that the only relevant consideration is whether the prisoner would have been permitted to bring that type of claim in a § 2255 motion. If so, the § 2255 remedy is adequate and effective, even if the specific claim would have been foreclosed by circuit precedent or otherwise subject to some procedural bar or time limitation. A § 2255 motion is inadequate or ineffective to test the legality of a prisoner's detention under the saving clause only in limited circumstances. Those circumstances include: (1) when raising claims challenging the execution of the sentence, such as the deprivation of good-time credits or parole determinations; (2) when the sentencing court is unavailable, such as when the sentencing court itself has been dissolved; or (3) when practical considerations, such as multiple sentencing courts, might prevent a petitioner from filing a motion to vacate.

*Bernard v. FCC Coleman Warden*, 686 F. App'x 730, 730 (11th Cir. 2017) (*citing McCarthan*, 851 F.3d at 1085-88).

Petitioner does not satisfy the *McCarthan* test for proceeding under the saving clause. Petitioner's challenges to the sentencing proceeding and the question of whether he had 3 prior violent felony convictions could have been raised on direct appeal or in a motion to vacate under § 2255. That circuit precedent may have previously foreclosed the claim did not prevent petitioner from testing the legality of his detention using § 2255. *See McCarthan*, 851 F.3d at 1099 ("Even if a prisoner's claim fails under circuit precedent, a motion to vacate remains an adequate and effective remedy for a prisoner to raise the claim and attempt to persuade the court to change its precedent, and failing that, to seek certiorari in the Supreme Court."). Petitioner's failure to satisfy the saving clause requires dismissal of this case for lack of jurisdiction.

Accordingly, it is respectfully RECOMMENDED:

1. That the petition for writ of habeas corpus filed under 28 U.S.C. § 2241 (doc. 1), be DISMISSED for lack of jurisdiction, as petitioner has not demonstrated entitlement to proceed under § 2241.

2. That the clerk be directed to close the file.

At Pensacola, Florida this 1st day of March, 2018.

*/s/ Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.
UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of objections shall be served upon the Magistrate Judge and all other parties. A party failing to object to a Magistrate Judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* U.S. Ct. of App. 11th Cir. Rule 3-1; 28 U.S.C. § 636.

Case No. 5:14cv332-RH-CJK