IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

CALVIN B. MCHENRY,

    Petitioner,

v.                                CASE NO. 5:14cv332-RH/CJK

NICOLE ENGLISH, Warden,
FCI Marianna,

    Respondent.

_____/

## ORDER OF DISMISSAL

By petition for writ of habeas corpus under 28 U.S.C. § 2241, Calvin B. McHenry challenges his armed-career-criminal conviction in the Southern District of Georgia. The petition is before the court on the magistrate judge's report and recommendation ECF No. 19, which concludes that the petition should be denied. No objections have been filed. This order accepts the report and recommendation and adopts it as the court's opinion, with this additional note.

Mr. McHenry pleaded guilty in the Southern District to possessing a firearm as a convicted felon. He had three prior convictions that were deemed to be violent felonies under the armed career criminal act, 18 U.S.C. § 924(e). Because of this,

the minimum sentence was 15 years in prison. The court sentenced Mr. McHenry to 220 months, well in excess of the minimum.

Mr. McHenry unsuccessfully challenged the sentence on direct appeal and by motion in the Southern District under 28 U.S.C. § 2255. He now seeks relief in this court under § 2241, asserting that the § 2255 remedy is inadequate or ineffective within the meaning of the § 2255 savings clause. As correctly set out in the report and recommendation, Mr. McHenry cannot properly proceed under § 2241.

That result sometimes is harsh. Not so much here. Mr. McHenry could have applied to the United States Court of Appeals for the Eleventh Circuit for authorization to file a second § 2255 motion in the Southern District of Georgia based on *Johnson v. United States*, 135 S. Ct. 2551 (2015), which held unconstitutionally vague the § 924(e) "residual clause," and *Welch v. United States*, 136 S. Ct. 1257 (2016), which held *Johnson* retroactively applicable on collateral review. Far from inadequate or ineffective, § 2255 provided an avenue for relief—if warranted—in circumstances like those alleged by Mr. McHenry. But Mr. McHenry cannot proceed in this court or under § 2241.

For these reasons and those set out in the report and recommendation,

IT IS ORDERED:

The report and recommendation is accepted. The clerk must enter judgment stating, "The petition is dismissed for lack of jurisdiction." The clerk must close the file.

SO ORDERED on March 28, 2018.

s/Robert L. Hinkle
United States District Judge
